```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    ─────────────────────────────────

    WELLS FARGO BANK, N.A.
    as trustee, on behalf of the        1:18-cv-12789 (NLH/KMW)
    holders of the Harbor View
    Mortgage Loan Trust Mortgage        MEMORANDUM
    Loan Pass-Through                   OPINION & ORDER
    Certificates, Series 2007-1,

              Plaintiff,

    v.

    EMILIE FORD,

              Defendant.
    ─────────────────────────────────
```

**APPEARANCES:**

STEFANIE MALONE-ZEITZ
STERN & EISENBERG
1040 NORTH KINGS HIGHWAY
SUITE 407
CHERRY HILL, NJ 08034
    On behalf of Plaintiff

EMILIE FORD
709 GLENWOOD COURT
CINNAMINSON, NJ 08077
    Appearing pro se

**HILLMAN**, District Judge

    WHEREAS Defendant Emilie Ford, appearing pro se, filed a Notice of Removal on August 14, 2018; and

    WHEREAS Defendant states an "Unlawful Detainer action" was initiated against her and that she has been denied "her due

process right and equal protection under the 14th Amendment to protect her tenancy"; and

WHEREAS Defendant has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Security, No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be

granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS pro se complaints and notices of removal must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS the Court notes that "[f]ederal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); and

WHEREAS it is unclear whether Defendant is basing this Court's jurisdiction on diversity or federal question;[1] and

---

[1] The Court notes that Defendant's Civil Cover Sheet indicates that the basis of jurisdiction is diversity. However, the removal petition appears to assert a federal due process claim.

3

WHEREAS, to the extent Defendant pleads this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff has failed to sufficiently plead the citizenship of Plaintiff and Defendant[2]; and

---

[2] To plead the citizenship of Defendant, the Notice of Removal must plead domicile or the state of citizenship. See McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973))); Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("The citizenship of a natural person is determined by their domicile, not their residence(s). That is because a natural person may have many residences, but only one domicile. Domicile is the location of a person's 'true fixed home . . . to which, whenever he is absent, he has the intention of returning.'" (alterations in original) (footnote omitted) (first citing Zambelli Fireworks Mfg. Co., 592 F.3d at 419; and then quoting Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000))), adopted by Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148386 (D.N.J. June 1, 2016); Witasick v. Hambrecht, No. 12-3755, 2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) ("[A]n individual may only have one domicile, and thus may only be a citizen of one state for diversity jurisdiction purposes. Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship." (citation omitted) (citing Williamson v. Osenton, 232 U.S. 604, 614 (1914))).

Defendant has similarly not pleaded the citizenship of Plaintiff. See Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) ("A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.' § 1332(c)(1). State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription. Federally chartered national banks do not, for they are not incorporated by 'any State.' For diversity jurisdiction purposes, therefore, Congress has discretely

WHEREAS to the extent Defendant pleads the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction cannot be predicated on a federal defense, see Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.), 624 F. Supp. 2d 396, 414 (E.D. Pa. 2009) ("In determining whether a case 'arises under' federal law and thus supports federal question jurisdiction, a federal court refers to the plaintiff's well-pleaded complaint. The requisite federal issue 'must be disclosed upon the face of the complaint.' Federal question jurisdiction may not be based on a federal issue raised in a defense." (footnotes omitted))); and

WHEREAS it further appears to this Court that Defendant's Notice of Removal reads more as an appeal of a state court action, than as a removal of a state court action, see Notice of Removal at 4 ("[T]he actions of Counsel for Plaintiff, and the State Court are depriving Defendant of due process of law in that she is being dispossessed of the property . . . ."); and

WHEREAS filing a Notice of Removal with the United States District Court for the District of New Jersey is an improper and ineffectual means of appealing from the New Jersey Superior

---

provided that national banks 'shall ... be deemed citizens of the States in which they are respectively located.' § 1348.").

Court; and

THEREFORE,

IT IS HEREBY on this ___22nd___ day of ___August___, 2018

**ORDERED** that Defendant's IFP application (Docket No. 1-2) is hereby **GRANTED**, and the Clerk of the Court is directed to file Defendant's Notice of Removal; and it is further

**ORDERED** that Defendant's Notice of Removal is **DISMISSED WITHOUT PREJUDICE** in its entirety; and it is further

**ORDERED** that Defendant may move to reopen her case within twenty days from the date of this Order, attaching to any such motion a proposed notice of removal which addresses the deficiencies of the original complaint as described herein[3]; and it is further

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED**.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman |
|  | NOEL L. HILLMAN, U.S.D.J. |

---

[3] Defendant may not cure the deficiencies noted above if Defendant is indeed seeking an appeal from the Superior Court of New Jersey. This Order does not preclude Defendant from seeking any proper relief in the state courts.